## Real Estate Auctioneers

BARD, Attorney General, September 16, 1938.—I have before me your request to be advised as to whether auctioneers who pay a county license tax must obtain a State real estate broker's license to engage in, or carry on the business, or act in the capacity of real estate auctioneer.

You have submitted for my attention a clipping from the "New Era", a newspaper published at Lancaster, Pa., which is captioned "Autocratic Government", and consists of a letter sent by an H. Frank Eshleman to the editor of that paper. The clipping states, in part, as follows:

"Our country auctioneers who have been selling real estate in settlement of estates or generally, must have a real estate broker's license or a real estate salesman's license. An auctioneer's license will not do. Formerly it was held by Deputy Attorney General Schnader that this act did not include auctioneers. See 13 D. & C. 439. He held they could auction real estate without license other than auctioneer's license."

You also attach to your request a letter from H. Frank Eshleman, attorney at law, Lancaster, Pa., dated July 7, 1938. I quote the entire first paragraph of Mr. Eshleman's letter.

"A considerable heat and excitement has been created here among attorneys for executors and administrators, etc., in the settlement of estates by reason of the department refusing auctioneers the right to call auctions of real estate unless they have a real estate salesman's license under the Act of 1929, P. L. 1216. There surely must be a distinction between a real estate salesman and an ordinary auctioneer."

You also enclose a letter from Albert E. Enck, Hopeland, Pa., dated August 17, 1938. I quote in part from Mr. Enck's letter.

"My business is an auctioneer, and I am licensed as an auctioneer in Lancaster County where I do auctioneering only; therefore according to the act that you

send me I do not need to register in your Bureau under section B. 2-C. I am only hired by the owner of the property to sell in public only to the highest bidder. Under this exception in the act I do not see that I need another license to auctioneer in addition to the one I now have."

You also enclose a letter from Mr. Amos K. Waser, Manheim, Pa., dated August 11, 1938. I quote in part from Mr. Waser's letter.

"Why were not the auctioneers advised of the law and the exemption period Sep. 30, 1937? I doubt very much if one out of a hundred rural auctioneers know of this act which is now claimed to involve them.

"Do you mean to say that no free holder can offer his property at public auction unless he employs a real estate broker, who in turn employs an auctioneer to sell the property for the property owner?"

You also enclosed a letter from A. W. Reese, attorney at law, Lancaster, Pa., dated July 18, 1938. Mr. Reese asks advice about the Act of July 2, 1937, P. L. 2811. I quote in part from his letter.

"Most real estate sales are public sales of real estate sold under order of the orphans' court in the settlement of estates. . . ."

You also enclosed a letter from Hon. Samuel E. Bertolet, attorney at law, Reading, Pa., dated August 3, 1938. I quote in part from Mr. Bertolet's letter.

"He is one of the old style country auctioneers who cries public sales of farm stocks and farms, when requested.

"Mr. Goodhart takes out a license as auctioneer every year, paying the legal fee therefor. This is under the Act of June 26, 1873, P. L. (1874) 332, sec. 1; and the Act of May 5, 1921, P. L. 406, sec. 1.

"Now comes the Act of July 2, 1937, P. L. 2811 (Act No. 590), amending section 2 of the Act of May 1, 1929, P. L. 1216, in which the term 'real estate broker' is defined

to include 'all real estate auctioneers, and real estate appraisers'."

As stated in the letters above referred to this question involves an interpretation of the amendment made by the Act of July 2, 1937, P. L. 2811, sec. 1, amending section 2(a) of the Real Estate Brokers License Act of 1929, supra, in which the term "real estate broker" is defined to include real estate auctioneers. I quote more fully that part of the section with which we are concerned.

"The term 'real estate broker' shall also include . . . all real estate auctioneers."

Reference is made in the letters to the sale of real estate in the orphans' court by the order of that court. Section 2(c) of the act provides as follows:

"Neither of the said terms 'real estate broker' or 'real estate salesman' shall be held to include within the meaning of this act . . . in any way, attorneys at law and justices of the peace, nor shall they be held to include any receiver, trustee in bankruptcy, administrator or executor, or any other person or corporation acting under the appointment or order of any court, or as trustee under the authority of a will or deed of trust where only the transactions pertaining thereto are involved."

The Act of June 26, 1873, supra, referred to in the letters provides in part as follows:

". . . auctioneers shall be rated with merchandise brokers, and in lieu of all commissions heretofore directed to be paid by them, shall pay, in the same manner as brokers, a license tax similar to that paid by said brokers, and no other".

The Act of 1873 was amended May 5, 1921, P. L. 406, sec. 1, by inserting the following proviso:

". . . nothing in this act contained shall be construed to require the licensing of or the payment of a license tax by any auctioneer for selling live stock or farm implements."

The clipping from the "New Era" makes reference to the case of Real Estate Brokers' Licenses, 13 D. & C. 439, an opinion by Special Deputy Attorney General Schnader, under date of January 2, 1930. We quote that part of the opinion which is pertinent to this discussion.

"1. Does an auctioneer who occasionally sells real estate, as an auctioneer, require a broker's license?

"Auctioneers must be licensed under the Act of May 5, 1921, P. L. 406. Having been thus licensed, they may, in our opinion, sell at auction property of any character without any further license. This includes real estate as well as personal property.

"The Real Estate Brokers' License Act does not specifically mention auctioneers, and, in our judgment, they do not come within the definition of 'real estate brokers' contained in section 2(a) of the act, if their transactions in connection with real estate are confined to sales at auction. If, however, they sell real estate or offer it for sale otherwise than at auction, they come within the purview of the act."

The exemption referred to in one of the letters concerns section 6 of the Act of 1937, which provides as follows:

"Any person who has, for a period of two years immediately preceding the effective date of this act, engaged in any business or occupation not heretofore required to be licensed as a real estate broker, and who is under the provisions of these amendments required to be so licensed, shall be issued a real estate broker's license by the Department of Public Instruction, without requiring him or her to submit to an examination as required by the act to which this is an amendment and its amendments: Provided, That such person makes application for such license within ninety days after the effective date of this act and pays the fee prescribed by law for such license."

The Act of 1937 does not directly repeal the Act of 1873, nor do we believe it does so by implication. The

rule of statutory construction as to an implied repeal by a later law provides that a later law shall not be construed to repeal an earlier law unless the two laws be irreconcilable, unless the later law is a general law which purports to establish a uniform and mandatory system covering a class of subjects.

Before the passage of the Act of 1937 auctioneering of real estate was not an authorized activity of a real estate broker. The only act which covered such activity was the Act of 1873. Now a real estate broker is authorized to engage in auctioneering of real estate without first becoming licensed under the Act of 1873.

Both laws are, therefore, on the statute books and must be read together; and if so read the term "all real estate auctioneers" in the Act of 1937 cannot be said to include those covered by the Act of 1873; otherwise the earlier act would be nullified. Auctioneers licensed under the Act of 1873 are a long and well defined and well established body of men in Pennsylvania. They make no pretense at being real estate brokers. The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature. Every law shall be construed if possible, to give effect to all its provisions.

From the foregoing, we are of the opinion:

1. That if an applicant wishes to engage only in auctioneering, as distinguished from brokerage generally, of real estate he may become licensed under the Act of 1873 (amended in 1921) as such an auctioneer and pay the license fee provided for by the said act. He is then limited to engage in business only as an auctioneer of real estate, throughout the Commonwealth, and it is not necessary to obtain a license under the Act of 1937.

2. If the applicant wishes to become licensed as a real estate broker and do all the acts as provided for in the Real Estate Brokers Act, as amended by the Act of 1937, he shall make an application to become licensed as

a real estate broker and as incident to such licensure, he may perform the activities of an auctioneer.

3. It should be noted in connection with the Act of 1937 that the term "real estate broker" and "real estate salesman" shall not be held to include any administrator or executor or any other person or corporation acting under the appointment or order of any court, and even if such person in the performance of his duties as such engages in auctioneering he is not required to be licensed under the Act of 1937 to perform such duties.

4. The Act of 1937 added auctioneering to the activities of a real estate broker. An auctioneer could have qualified also as a real estate broker under the exemption provision of that act, within 90 days after its enactment. Having failed to do so, he has now lost such privilege. However, he has not lost his right to act as an auctioneer only under the Act of 1873.